Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered January 8, 2013, dismissing the complaint, unanimously affirmed, without costs.
The court properly directed a verdict for defendant City, as there was no rational process that would lead the trier of fact to *516 find for plaintiff, who was injured after stepping into a pothole (see generally Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). The Pothole Law’s written notice requirement (Administrative Code of City of NY § 7-201 [c] [2]) contains a “written acknowledgement” provision which permits a lawsuit “where there is documentary evidence showing, as clearly as written notice to DOT would show, that the City knew of the hazard and had an opportunity to remedy it” (Bruni v City of New York, 2 NY3d 319, 326 [2004]). However, repair orders or reports, reflecting only that pothole repairs had been made to the subject area more than a year before the accident, are insufficient to constitute prior written notice of the defect that allegedly caused a plaintiffs injuries (see Khemraj v City of New York, 37 AD3d 419, 420 [2d Dept 2007]; see also Walker v City of New York, 34 AD3d 226 [1st Dept 2006]). Here, the record demonstrates that plaintiff presented no evidence or testimony which contradicted the City’s documentation showing that the subject defect had been repaired, closed, and made safe, more than a year prior to the accident (see Khemraj at 420).
We have considered plaintiffs remaining contentions, including that the City’s failure to honor so-ordered subpoenas warranted the striking of its answer, and find them unavailing. Concur — Sweeny, J.P, Renwick, Moskowitz, Richter and Gische, JJ.